UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

MITZIE HAUGHTON,

    Plaintiff,

vs.

KENT SECURITY OF PALM BEACH, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, MITZIE HAUGHTON, by and through her undersigned counsel, and sues the Defendant, KENT SECURITY OF PALM BEACH, INC., and alleges as follows:

### INTRODUCTION

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA").

### JURISDICTION AND VENUE

2. The Court has jurisdiction over their controversy based upon the FMLA, and venue is proper as all acts described herein occurred within this judicial district.

### PARTIES

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA.

1

5. At all times material hereto, Defendant was a Florida Corporation doing business and services in this judicial district, was the employer or former employer of the Plaintiff, and is an employer as defined by the FMLA.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action.

### STATEMENT OF FACTS

7. The Plaintiff was an employee for the Defendant since October of 2009 as a security guard.

8. Plaintiff was repeatedly ill due to her ongoing medical condition of ulcerative colitis and other medical issues, and had periodically taken brief leave of absences.

9. Despite knowledge of this ongoing medical condition, the Defendant at no point provided the Plaintiff with FMLA paperwork or information so that she could apply for FMLA benefits, including intermittent FMLA leave.

10. Instead of providing the Plaintiff with her legally entitled FMLA benefits, Plaintiff was instead removed in November of 2012 from her regular post to a different post, the contract of which was ending on November 30, 2012.

11. The reason for the transfer was Plaintiff "being sick too much", of which the Defendant knew the transfer would result in imminent termination of the Plaintiff.

### COUNT I

### FMLA INTERFERENCE

12. The Plaintiff incorporates by reference paragraphs 1-11 herein.

13. At all times material to this lawsuit, the Plaintiff was entitled to leave under the

FMLA.

14. The Defendant unlawfully interfered with the Plaintiff's exercise of her FMLA rights by failing to provide FMLA benefits to the Plaintiff.

15. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

16. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, MITZIE HAUGHTON, requests that judgment be entered against the Defendant, KENT SECURITY OF PALM BEACH, INC., for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II

## FMLA RETALIATION

17. The Plaintiff incorporates by reference paragraphs 1-11 herein.

18. At all times material to this lawsuit, the Plaintiff was entitled to leave under the FMLA.

19. As a result of this need for FMLA leave, the Defendant intentionally, willfully and unlawfully retaliated against the Plaintiff, in violation of the FMLA.

20. That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's need for FMLA benefits.

21.     As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA.

22.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA.

WHEREFORE, the Plaintiff, MITZIE HAUGHTON, requests that judgment be entered against the Defendant, KENT SECURITY OF PALM BEACH, INC., for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

DATED this 14th day of March, 2014.

Respectfully submitted,

Law Offices of Levy & Levy, P.A.
300 Southeast 13th Street
Ft. Lauderdale, Florida 33316
Tel: (954) 763-5722
Fax: (954) 763-5723
E-Mail: chad@levylevylaw.com

*/s/ Chad E. Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701